

NUMBER 13-10-00373-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HERIBERTO ENRIQUEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Rodriguez
Memorandum Opinion by Justice Rodriguez**

Appellant Heriberto Enriquez appeals from his conviction for aggravated sexual assault of a child.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2010).  Enriquez pleaded not guilty to the indicted offense.  After a trial on the merits, the jury returned a guilty verdict, sentenced Enriquez to ninety-nine years' incarceration in

the Institutional Division of the Texas Department of Criminal Justice, and assessed a $10,000 fine.

Concluding that "an appeal in this case would be frivolous and without merit," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Enriquez's court-appointed appellate counsel has filed a brief with this Court, stating that he has "diligently reviewed the entire record in this case and the law applicable thereto" and in his professional opinion, "there are no grounds of error upon which an appeal can be predicated." After discussing the indictment and arraignment proceedings, pre-trial hearings, motion to suppress proceedings, guilt-innocence proceedings, punishment phase, performance of counsel, and the law applicable to the foregoing, counsel concludes that "there is no error by the trial court apparent on the record," "sufficient evidence . . . support[ed] the jury's finding of guilt[] and assessment of punishment," and "[t]here is nothing in the record to suggest that trial counsel was ineffective." *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

2

Op.] 1978), Enriquez's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the record, counsel's brief, and counsel's motion to withdraw on Enriquez, and (3) informed Enriquez of his right to review the record and to file a pro se response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Enriquez filed a pro se response on March 28, 2011. When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices: "[i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We are not required to review the merits of each claim raised in an *Anders* brief or a pro se response—rather, we must merely determine if there are any arguable grounds for appeal. *Id.* at 827. If we so determine, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se brief would deprive an appellant of meaningful assistance of counsel. *Id.* Accordingly, we will independently review the record to determine if there are any arguable grounds for appeal.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have carefully reviewed the record, counsel's brief, and Enriquez's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 826; *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). We affirm the trial court's judgment.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Enriquez's attorney has asked this Court for permission to withdraw as counsel for Enriquez. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on February 25, 2011. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Enriquez and to advise Enriquez of his right to file a petition

4

for discretionary review.[2]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2011.

---

[2] No substitute counsel will be appointed.  Should Enriquez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.